Whaley, Chief Justice,
delivered the opinion of the court:
The contract sued on here is for foundations for a seaplane hangar at the Naval Aviation Patrol Base, Floyd Bennett Field, Long Island, New York. As set forth in the brief, plaintiff’s claim is for recovery of liquidated damages withheld for delay, $420, and for recovery of an erroneous charge of $47.79 in a change order, a total of $467.79.
The Government had planned to bring the area involved to the proper grade and level by an hydraulic fill before plaintiff’s work was to begin. Since plaintiff’s work required excavation for foundations, plaintiff, before the work got under way, suggested to the public works officer that his own work, contrary to the original plan, precede the hydraulic fill. This suggestion received favorable consideration and March 19, 1940, before the hydraulic fill had commenced, the public works officer directed plaintiff to proceed, having previously informed him that the change in order of work would reduce the contract price and time *499 for completion, but that a formal change order awaited the authorization of the Bureau of Yards & Docks.
Plaintiff proceeded with the work and continued therewith until on May 7, 1940, the contracting officer (Chief of the Bureau of Yards & Docks) issued a change order reducing the contract price by $1,285.13 and the time for completion by 9 calendar days. The original time for completion being May 19, 1940, this fixed the new time for completion May 10, 1940. Plaintiff did not complete until May 24, 1940, five days later than the original time, 14 days later than the reduced time.
The amount by which the contract price was reduced is, except for a conceded error of $47.79, supported by the evidence. With the reduction in contract price the contracting officer reduced the time for performance. Both reduction in contract price and reduction in time were included in the order providing for the change in work, and this order the contracting officer had the power-under the contract to make. The plaintiff was dissatisfied with the terms of the change order, but took no appeal to the head of the department and his failure to do so ended the matter.
The plaintiff is entitled to recover $47.79 and judgment will be in that amount.
It is so ordered.
Madden, Judge/ WhitakeR, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.